D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

**RITA LIEBERMAN**

        **Plaintiff,**

        **v.**

**XOMETRY, INC.,**

        **Defendant.**

-------------------------------------------------------x

**CASE NO.:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Rita Lieberman alleges as follows:

## INTRODUCTION

1.    After approximately 34 years of stellar service to Thomas, Xometry summarily and unceremoniously fired Plaintiff after it purchased Thomas. No notice or transition period was provided to Plaintiff. Plaintiff was simply told she was terminated and immediately cut-off of her email and electronic systems access after approximately three-and-a-half decades of employment. Notably, Plaintiff never received a business justification, much less a valid or legitimate one, for her termination other than that her termination resulted from a supposed "reorganization" or "redundancy."

2.    Plaintiff's former responsibilities remain essential to Xometry, and her job duties were reassigned to much younger employees.

3.      To be sure, several months after Plaintiff's termination, Xometry actually posted an online job posting for a position that is nearly identical to Plaintiff's, indicating that it simply let her go because of her age, and not because of any legitimate business need.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action against Defendant Xometry, Inc. alleging claims of discrimination in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.* and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§8-101 *et seq.*

5.      This Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, as Plaintiff is a resident of New York, Defendant is a resident of Maryland, and the value of Plaintiff's claims exceeds $75,000.

6.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

7.      Defendant Xometry, Inc. is a Maryland corporation, with its principal office in Maryland, that owns and operates a national on-demand industrial parts marketplace.  In late 2021/early 2022, Xometry purchased Thomas, a leader in product sourcing, supplier selection and digital marketing solutions.

8.      Plaintiff Rita Lieberman resides in Westchester, NY and is a citizen of New York. Plaintiff was employed by Thomas for roughly 34 years.   Her most recent title was Director, Marketing Communications.  Xometry continued to employ Plaintiff for several weeks after it purchased Thomas.

## **FACTS**

9.      Plaintiff is 58 years old.

10.      Plaintiff worked on Thomas' marketing team.  Before Xometry purchased Thomas in 2021/2022, Plaintiff's team consisted of roughly 10 employees.

11.      Plaintiff worked out of Defendant's Manhattan, NY office.  After March 2020, due to the Covid-19 pandemic, Plaintiff began to work from home, but she continued to report to Thomas' Manhattan, NY office until the end of her employment.

12.      Plaintiff was the oldest person on Thomas' marketing team, and she remained so after Xometry purchased Thomas.

13.      Plaintiff was informed in late January 2022 that she was being let go due to a "reorganization" and "redundancy" caused by Xometry's purchase of Thomas.

14.      Almost of all of the other members of Plaintiff's team kept their jobs.

15.      Xometry did not have another employee doing Plaintiff's work, which was marketing Thomas' products and services to industrial trade media, professional organizations and webinars.  Thus, there was no actual redundancy.

16.      After Xometry fired Plaintiff, it had younger individuals from Thomas/Xometry absorb Plaintiff's duties for a short period of time until it found a new employee to replace Plaintiff.

17.      Shortly after Plaintiff's termination, a job position virtually identical to hers was posted on Xometry's website and on Indeed.com.

18.      In short, Plaintiff was terminated as part of the purchase where almost none of her younger coworkers were, and Xometry was dishonest about the reason for her termination.   This illustrates that Xometry discriminated against Plaintiff on the basis of her age.

19.     Plaintiff has suffered significant loss of income and emotional distress from this discriminatory termination.

## FIRST CLAIM FOR  RELIEF
**New York State Human Rights Law – N.Y. Exec. Law §§ 290 *et seq.***
**Age Discrimination**

20.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

21.     In violation of NYSHRL, Defendant intentionally discriminated against Plaintiff on the basis of her age.

22.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

23.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

24.     Defendant's conduct is malicious, intended to injure and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

25.     As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, and medical treatment, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York City Human Rights Law ("NYCHRL")**
**N.Y. Admin. L. §§8-101 et seq. – Age Discrimination**

26.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

27.     A copy of this Complaint will be delivered to the New York City Corporation Counsel.

28.     In violation of the NYCHRL, Defendant discriminated against Plaintiff on the basis of her age.

29.     As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

30.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

31.     Defendant's conduct is malicious, intended to injure and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

32.     As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages, damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A.      An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, liquidated damages, and punitive damages, to be paid by Defendant;

B.      Penalties available under applicable laws;

C.      Costs of action incurred herein, including expert fees;

D.      Attorneys' fees;

E.      Pre-judgment and post-judgment interest, as provided by law; and

F.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        June 29, 2022

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP


By: */s/ D. Maimon Kirschenbaum*
     D. Maimon Kirschenbaum
     32 Broadway, 5th Floor
     New York, NY 10279
     Tel: (212) 688-5640
     Fax: (212) 688-2548

*Attorneys for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.